FRANK BECIILY, Trustee, Appellee, v. CENTRAL NATIONAL FIRE INSURANCE COMPANY, Appellant.

**INSURANCE:** Reformation of Policy—Evidence—Sufficiency. Record reviewed, and held to show that a policy of insurance had been assigned by the individual insured to a partnership; that the insurer had consented thereto; and that the policy should be reformed accordingly.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY, Judge.

FEBRUARY 13, 1923.

ACTION in equity for the reformation of a policy of fire insurance and the recovery of judgment thereon. Decree was entered for the plaintiff.—*Affirmed.*

*Henry & Henry,* for appellant.

*R. J. Smith* and *Clyde McFarlin,* for appellee.

FAVILLE, J.—The plaintiff is the duly appointed trustee of the bankrupt estate of one Haigler, who was a member of a copartnership composed of Haigler and one Thoren, who did business under the firm name and style of Haigler & Thoren. On February 13, 1920, appellant executed to the firm of Carter & Son an insurance policy, insuring said beneficiaries against

loss not to exceed the amount of $2,000, on a certain stock of merchandise located in a building in the town of Reasnor, Iowa. On or about March 1, 1920, Carter & Son sold its stock of merchandise to the said Haigler, and on the second day of March, assigned said policy of insurance to Haigler. One Waring was the agent of the appellant with whom said business was transacted, and he duly approved said assignment, which was likewise approved by a proper officer of the company. On or about May 19, 1920, Haigler formed the partnership referred to with Thoren, and the stock of merchandise was removed from Reasnor to Montezuma, where it was kept until destroyed by fire on the 27th of December, 1920.

The evidence tends to show that by oral assignment the policy in question was transferred by Haigler to the newly formed partnership of Haigler & Thoren. It was delivered to Waring, the agent of appellant, to secure the consent of the company to the assignment to the firm of Haigler & Thoren and to the removal of the insured property to Montezuma. Waring forwarded the policy to the appellant company, for the purpose of obtaining the necessary consent to the assignment and the change of location. This occurred in May. The appellant appears to have consented to the change of location, but no action appears to have been taken with regard to the assignment of the policy. In August, 1921, Waring returned the policy to the appellant, with a letter requesting the appellant to change the policy to cover the firm of Haigler & Thoren. Some correspondence ensued between the appellant and the agent in respect to the matter, and on August 13, 1920, the company wrote a letter to Waring which, by its terms, consented to the assignment of said policy. No formal assignment, however, appears to have been indorsed upon the policy. Appellant's contention is that there is no proof whatever in the record of any assignment of the policy by Haigler to the firm of Haigler & Thoren, and, therefore, no right on the part of the appellee to ask a reformation of the policy or to assert any rights thereunder.

The case is triable *de novo*, and we have examined the record with care with regard to the single question submitted for our determination, namely: whether or not there is evidence in the record sufficient to sustain the contention that there was

an oral assignment of the policy in question from Haigler to the firm of Haigler & Thoren. This is to be determined, not only from the testimony of the witness Haigler, but also from the conduct of the parties and all of the facts and circumstances surrounding the case, as shown by the testimony. The witness Waring testified that Haigler delivered the policy to him, and informed him that he had taken in Thoren as a partner, and wanted the policy transferred to Haigler & Thoren, and that correspondence followed with the company in respect to said transfer; and there is no question that the appellant was requested by the agent to change the policy to the firm of Haigler & Thoren, and that it consented so to do. Haigler, as a witness, was asked what the agreement was between himself and Thoren at the time he sold the interest in the stock of goods, with reference to the insurance policy, and replied:

"I remember telling Mr. Thoren we had the insurance policy transferred, or was having it transferred to the name of Haigler & Thoren."

Thereupon, the following took place:

"Q. State whether or not that was a part of the agreement between you and Mr. Thoren. [The defendants objected, as leading and suggestive, and calling for the opinion and conclusion of the witness.] A. Yes, sir."

It is now urged by the appellant that this evidence cannot be considered because it was received over the objection of appellant, which, it is insisted, was good and sufficient.

This action was triable in equity, and under the practice in this state, the trial court does not ordinarily rule upon objections to evidence. In a way, it may be said that the question did call for the opinion and conclusion of the witness, but the witness had already recited, without objection, that he had stated the matter inquired about to his partner, Thoren. The appellant was advised that the policy had been assigned to the firm of Haigler & Thoren, and consented to such assignment. The failure to indorse such consent upon the policy was evidently an oversight and mistake. We are satisfied from the entire record that there is sufficient competent evidence that the policy in question was orally assigned to the firm of Haigler & Thoren; that the appellant knew of such assignment and con-

sented thereto; that the appellee was entitled to a reformation of the policy in this regard; and that the appellee is entitled to recover thereon, as prayed in his petition.

As bearing somewhat on the question herein discussed, see *State Central Sav. Bank v. St. Paul F. & M. Ins. Co.,* 184 Iowa 290.

The decree of the trial court finds sufficient support in the evidence, and meets with our approval. It is, therefore, in all respects—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.